BROWN, Chief Judge.
hOn November 14, 2000, plaintiff, Adrianne Gilbert Forester, who worked for defendant, the Caddo Parish School Board, at Stoner Hill Elementary School, was injured while performing her duties as a security coordinator. Forester, acting pro se, filed a Disputed Claim for Compensation with the Office of Workers’ Compensation on September 8, 2006. We note that there is a reference in defendant’s answer that a claim arising out of the same set of facts was filed in 2002 (under a different docket number) and dismissed without prejudice on March 2, 2006, in accordance with La. Admin. C. 40:1.5705. Pursuant to this administrative rule, plaintiff had 30 days to reinstate the action. This record, however, contains no evidence of that previously filed claim or its disposition.
In the present case, Forester participated in a telephonic scheduling conference, during which she received notice of a pretrial mediation conference. She, however, failed to attend the pretrial mediation conference. Thereafter, the workers’ compensation judge (“WCJ”) set a hearing on a rule to show cause why the action should not be dismissed, which Forester also failed to attend. Forester now claims that she did not receive notice to appear at the OWC hearing on the motion to dismiss; however, the testimony of Katrina Dixon, Administrative Assistant at the OWC, and a certified mail return receipt reflect that Forester did in fact receive notice. Finding that Forester failed to appear at the pretrial mediation conference, the WCJ ordered that her claim be dismissed with prejudice. Forester now appeals.
| ¿Discussion
On appeal, Forester filed a handwritten brief in which she set forth no assignments of error. Thus, based upon our review of the record, the only issue on appeal is whether the WCJ erred in dismissing plaintiffs claim with prejudice as opposed to without prejudice.
La. R.S. 23:1310.3 B(2), which deals with workers’ compensation claims, states:
If any party fails to appear at a mediation conference after proper notice, the workers’ compensation judge, upon report from the workers’ compensation mediator, may fine the delinquent party an amount not to exceed five hundred dollars, which shall be payable to the Office of Workers’ Compensation Administrative Fund. In addition, the workers’ compensation judge may assess against the party failing to attend costs and reasonable attorney fees incurred by any other party in connection with the conference. If the plaintiff fails to appear after proper notice, the workers’ compensation judge may dismiss the plaintiff’s case without prejudice. The penalties provided for in this Subsection shall be assessed by the workers’ compensation judge only after a contradictory hearing which shall be held prior to the hearing on the merits of the dispute. (Emphasis added).
Due to the fact that the hearing on the motion to dismiss was held as a result of Forester’s failure to attend the pretrial mediation conference, the WCJ was required to adhere to La. R.S. 23:1310.3 B(2) when imposing sanctions. La. R.S. 23:1310.3 B(2) only allows for dismissals without prejudice.
*854 If the record had contained evidence that the same claim had previously been dismissed without prejudice pursuant to La. Admin. C. 40:1.5705 as alleged in defendant’s answer, then under that rule, because ^Forester did not reinstate the claim within 30 days, a dismissal with prejudice would have been appropriate.
On this record we are constrained to amend the judgment to reflect that Forester’s claim is dismissed without prejudice. If plaintiff reinstates the claim, then defendant can seek its dismissal with prejudice by offering proof of the alleged previous claim in 2002, its purported dismissal without prejudice in 2006, and the failure to reinstate within the 30 days limitation.

Conclusion

For the reasons set forth above, the judgment of the WCJ is amended as follows: Plaintiffs claim is hereby dismissed without prejudice in accordance with La. R.S. 23:1310.3 B(2).